IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RANDY BATTENFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-CV-213-JED-PJC |
| | ) | |
| BNSF RAILWAY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to File Amended Pleading [Dkt. No. 23]. Battenfield filed this action in April 2012 asserting a claim under the Federal Employees' Liability Act ("FELA"), 45 U.S.C. § 51 *et seq.*, alleging that he was injured as the result of BNSF Railway Company's ("BNSF") failure to maintain a safe workplace. Plaintiff now seeks to add a claim for retaliation under the Federal Railroad Safety Act ("FRSA"), 49 U.S.C. § 20109. Defendant BNSF objects. For the reasons set forth below, the Motion to Amend is **GRANTED**.

## I.
## BACKGROUND

In August 2011, Plaintiff Randy Battenfield ("Battenfield") was working in the Defendant BNSF's Cherokee rail yard in Tulsa, Oklahoma. Battenfield was driving a Kubota UTV with a passenger, Deborah Ann Beeler, on board. Battenfield alleges that as he drove across some railroad tracks, his vehicle was

struck by a free-rolling flat car. Battenfield was injured; Beeler was killed. Thereafter, BNSF undertook an internal investigation of the accident. Battenfield told BNSF that he had stopped the Kubota before crossing the tracks, and a witness supported Battenfield. BNSF, however, felt that a video of the accident indicated Battenfield did not stop before entering the crossing, and that Battenfield had given inconsistent stories about where he had stopped his vehicle. On February 22, 2012, Battenfield was fired for dishonesty.

Defendant objects to the proposed amendment. Initially, Defendant objected on the grounds that the punitive nature of the FRSA claim is "incompatible with FELA's broad remedial purpose." [Dkt. No. 26, at 4]. Defendant argued that the FRSA claim would raise new factual issues, use a different burden of proof, and confuse the jury. [Dkt. No. 26, at 7-12]. Nowhere in its initial objection to the Motion to Amend did BNSF assert that Plaintiff was precluded from pursuing his retaliation claim by virtue of the election of remedies provision in 49 U.S.C. § 20109(f) of FRSA.

At a hearing held January 15, 2013, Defendant espoused an entirely new argument against the amendment: That the election of remedies provision of FRSA bars relief under that act if the plaintiff has sought relief for the same allegedly unlawful conduct under the Railway Labor Act ("RLA"), 45 U.S.C. § 153 First (i); and, that election of remedies is a threshold bar to a FRSA claim, thereby making the Motion to Amend futile. Because these arguments were

raised for the first time at the hearing, the parties were given additional time to brief the matter. Extensive briefing has now been completed, and the Court believes further oral argument would not be helpful.

## II.
## GENERAL PRINCIPLES REGARDING AMENDMENT

Plaintiff seeks leave of Court to file an amended Complaint adding a retaliation claim under FRSA. The Rules of Civil Procedure provide:

> [Other than when amending of right], a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(2).

It is an abuse of discretion to deny leave to amend "without any justifying reason," *Foman v. Davis*, 371 U.S. 178, 182 (1962), or if the Court's decision is arbitrary, capricious, whimsical or manifestly unreasonable." *Orr v. City of Albuquerque*, 417 F.3d 1144, 1153 (10th Cir. 2005). "Justifying reasons" for denying a motion to amend include: undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility. *Foman*, 371 U.S. at 182. In examining an objection to amendment based on futility, the Court essentially asks whether the proposed amendment would survive a motion to dismiss. *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007); *Bradley v. J.E. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) ("A proposed amendment is futile if the complaint, as amended,

would be subject to dismissal."). In this case, the question is narrower: Is Plaintiff's claim under the FRSA colorable in light of the election of remedies provision of the FRSA?

Whether to grant or deny leave to amend is a matter within the court's discretion. *Byllin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009), *cert. denied*, 130 S.Ct. 1506 (2010).

## III.
## DISCUSSION

BNSF contends that Battenfield's Motion should be denied because allowing the amendment would be futile since his retaliation claim is precluded by FRSA's election of remedies provision. At this juncture it is not clear, as a matter of law, that the proposed amendment is futile – that is, it is not clear that Battenfield's retaliation claim is necessarily precluded, because there is legal authority supporting Battenfield's claim.

The FRSA provision in question states: "An employee may not seek protection under both this section and another provision of law for the same allegedly unlawful act of the railroad carrier." 49 U.S.C. § 20109(f). BNSF argues that this language bars Battenfield from asserting a FRSA retaliation claim because he has already pursued relief under a Collective Bargaining Agreement ("CBA") between his union and BNSF.

In *In the Matter of: Michael L. Mercier v. Union Pacific Railroad Co. and Larry L. Koger v. Norfolk Southern Railway Co.*, 2011 WL 4915758 (DOL Adm.Rev.Bd.

4

Sept. 29, 2011) (hereafter, "*Mercier*"), the Arbitration Review Board ("ARB") of the Department of Labor examined circumstances nearly identical to those presented here and found that a retaliation claim was *not* precluded by FRSA's election of remedies provision. *Mercier* involved two appeals from rulings by different Administrative Law Judges ("ALJ") concerning the election of remedies provision of FRSA. In Mercier's case, the ALJ held that pursuing a contractual remedy under a CBA is not seeking relief under "another provision of law"; thus, Mercier was allowed to proceed with his retaliation claim. In Koger's case, however, the ALJ held that resort to the grievance process did bar relief under FRSA.

The cases were consolidated on appeal to the ARB. The ARB affirmed the ALJ's action in *Mercier* and reversed the ALJ's action in *Koger*. The Board said: "In our view, the plain meaning of 'another provision of law' does not encompass grievances filed pursuant to a 'collective bargaining agreement,' which is not 'another provision of law' but is instead a contractual agreement." *Id.* at *5. After reviewing the legislative history of the FRSA, the Board said:

> Based on the foregoing interpretation of the FRSA's mandate, (1) we deem nothing in these whistleblower protection provisions as diminishing Mercier's right to pursue arbitration under the collective bargaining agreement between his union and his employer, and (2) we hold that by pursuing arbitration Mercier did not waive any rights or remedies that the FRSA affords him, including the right to pursue a whistleblower complaint under its provisions.

*Id.* at *7.

As BNSF points out, the ARB decision is not precedential. This Court may consider, but need not give deference to, the *Mercier* decision. However, *Mercier* does provide some authority for Battenfield's position – and *Mercier* is not the only authority indicating that BNSF's election of remedies argument is less than clear.[1]

Although *Norfolk S. Ry. Co. v. Solis*, 2013 WL 39226 (D.D.C. Jan. 3, 2013) concerned a different issue than the one presented here, the Court's analysis of the inter-relationship between the RLA and FRSA is instructive. In *Solis*, Plaintiff Norfolk Southern Railway Co. ("NSR") sought judicial review of the non-final agency decision by the ARB regarding Koger, one of the plaintiffs in the consolidated *Mercier* appeals. The Secretary of Labor moved to dismiss NSR's lawsuit on jurisdictional grounds and for failure to state a claim. 2013 WL 39226 at * 1. The District Court found that it lacked subject matter jurisdiction of NSR's Complaint and dismissed the action.[2]

---

[1]   Indeed, the Court wonders why, if this argument is so clear, it was not raised in BNSF's initial objection to the Motion to Amend.

[2]   Under FRSA, a final order of the ARB is subject to judicial review in a United States Court of Appeals. 49 U.S.C. § 20109(d)(4). District courts have jurisdiction in § 20109 cases in limited circumstances. NSR contended that it was entitled to direct review of the ARB decision under the doctrine of *Leedom v. Kyne*, 358 U.S. 184 (1958) because the ARB's decision exceeded the Secretary's delegated powers and that NSR had no other meaningful and adequate means to vindicate its statutory right. *Solia*, 2013 WL 39226, at *7. In addressing the first prong of analysis under the *Leedom* doctrine, the Court discussed many of the issues raised before this Court by BNSF.

In the course of rendering its decision, the Court addressed whether NSR had established that the Secretary had disobeyed a clear and mandatory statutory provision by failing to bar Koger's FRSA complaint under the election of remedies provision of the RLA. *Solis* at *8-*9. The Court noted that the statutory provisions of FRSA were "neither specific nor unambiguous." *Id*. at *9. The Court found a colorable distinction between the RLA's "procedural" provisions for mandatory arbitration of disputes concerning a CBA and the substantive provisions contained in the CBA. *Id.* The Court also saw a distinction in the unlawful act that was the basis of the claims. "In Koger's case, the unlawful act alleged under the FRSA was a dismissal in retaliation for reporting his injury. The unlawful act alleged in his RLA § 3 arbitration was dismissal in violation of his rights under the CBA concerning his responsibility for the accident." *Id.* Similar reasoning could apply here.

The Court in *Solis* also found that statutory history supported the idea of distinguishing the retaliation claim from the CBA claim.

> NSR ignores the different statutory scheme created by the 2007 amendments to FRSA. Until the 2007 amendments, retaliation claims were pursued before an RLA § 3 arbitration board; therefore, retaliation claims and complaints pursuant to an employee's CBA were pursued in one action. The 2007 amendments to the FRSA were an attempt to "enhance [ ] administrative and civil remedies for employees" and "to ensure that employees can report their concerns without the fear of possible retaliation or discrimination from employers." H.R.Rep. No. 110–259 at 348 (2007) (Conf.Rep.). As a part of achieving these goals, the Secretary took over the proceedings related to retaliation claims under FRSA, separating such claims from any claims alleging violations of an employee's

7

CBA. At the same time, Congress amended the statute with §§ 20109(g) and 20109(h). Under NSR's reading of the statute, an employee who was dismissed both in violation of his CBA and in retaliation for reporting an injury would be forced to choose between his claim for retaliation under FRSA and his rights under his CBA. As discussed above, Congress' provisions under §§ 20109(g) and (h) limited the preemption of other rights of action by an employee and reinforced employee rights. <u>It would be highly inconsistent with the 2007 amendments for Congress, by transferring retaliation claims to the Secretary, to limit the ability to engage in RLA arbitration and pursue a separate retaliation claim under FRSA without further clarification.</u>

*Solis* at *10 (emphasis added).

## IV.
## CONCLUSION

*Mercier* and *Solis* indicate that Battenfield's retaliation claim is at least colorable. The Court does not believe that on the record before it, and after considering the submitted legal authority, that it is clear that Battenfield cannot maintain his FRSA retaliation claim. Furthermore, Battenfield deserves a fair opportunity to marshal evidence and materials in support of his election of remedies position, just as BNSF has done.[3] The better way to do this is to allow the Amended Complaint and preserve the issue for determination at a more

---

[3]   The Court is aware that BNSF believes there is no need for discovery and the matter should be decided now as a pure question of law. However, BNSF submitted voluminous evidentiary and other materials in support of its election of remedies argument. Those materials included at least one affidavit. If such materials are permissible in support of BNSF's argument, simple fairness would require that Battenfield have a similar opportunity – including, taking the deposition of BNSF's affiant, if desired.

appropriate time.  The Court emphasizes that it is *not* holding that §20109(f) does not preclude Battenfield's retaliation claim; only that on this record, the law is not as clear as BNSF contends that the amendment is futile.

**ACCORDINGLY**, the Motion to Amend [Dkt. No. 23] is **GRANTED**.

**IT IS SO ORDERED**, this 26th day of March 2013.

_____
Paul J. Cleary
United States Magistrate Judge